SCHOOL DISTRICT NO. 13, PIPESTONE COUNTY, v.
N. J. NISSEN AND OTHERS.[1]

May 17, 1929.

No. 27,365.

[1]Reported in 225 N. W. 444.

*Evans & Evans,* for appellant.

*R. L. Palmer* and *Charles Dealy,* for respondents.

TAYLOR, C.

School district No. 13 of Pipestone county brought this action against N. J. Nissen, its former treasurer, and the sureties on his bond to recover money of the district which he had received as such treasurer and had failed to turn over to his successor in office. The cause was submitted upon a stipulated statement of facts. Judgment was rendered against the treasurer but in favor of the sureties. The district appealed from the judgment in favor of the sureties.

Nissen was the cashier and a director of the Farmers State Bank of Hatfield. He became treasurer of the district in July, 1924. In August, 1924, the bank made an application to be designated as a depository for the funds of the district; and the school board adopted a motion that it be designated as such depository. The bank gave the usual bond required of a depository, which was accepted and approved by the school board. In July, 1925, Nissen was re-elected as treasurer for a term of three years, and thereafter gave the bond on which this action is brought. He deposited in the bank in the name of the district all funds of the district received by him, and duly paid therefrom all warrants issued by the district. In April, 1927, the bank was closed by the state banking department and placed in liquidation. Shortly thereafter Nissen removed from the district and his successor was appointed. His successor made a demand upon him for the money of the district which remained on deposit in the bank at the time it was closed. He denied liability therefor. The loss to the district resulted solely from the failure of the bank. It is stipulated that all parties concerned believed that the bank had been properly designated and was a legal depository for the funds of the district, and that the sureties on the bond executed it in the belief that they were not liable for any loss resulting from the failure of the bank.

Both parties rely on the Aiton cases—School Dist. No. 1 v. Aiton, 173 Minn. 428, 217 N. W. 496; Id. 175 Minn. 346, 221 N. W. 424. With one important exception to be considered later, this case presents the same questions considered and determined in those cases. Following and applying the doctrine of those cases, we hold that the bank was not legally designated as a depository, and that the relationship of the treasurer to the bank was such that it could not lawfully be so designated, but that all parties having recognized and treated the bank as a legal depository, it became and was a de facto depository. In the Aiton cases this fact had a bearing on the question whether the sureties on the statutory bonds acted in good faith toward the district in stipulating against liability for funds deposited in the bank.

The statute in § 2836 prescribes the procedure for designating a bank as a depository, and in § 2837 exempts the treasurer and the sureties on his bond from liability to the district for any loss of funds deposited in such bank caused by the failure of the bank. G. S. 1923, § 2836, as amended, and § 2837, 1 Mason, 1927, id. The law imposes absolute liability upon the treasurer and the sureties on his bond for the funds coming into his hands as such treasurer, except as they are relieved therefrom by § 2837 above cited. In the Aiton cases it was held that where a bank had not been lawfully designated as a depository, the fact that it was a de facto depository did not bring the treasurer within the exception nor relieve him from liability. In those cases all the parties acted in the belief that the bank there involved was a legal depository, and the bonds executed by the sureties contained an express provision that the sureties should not be liable for any loss to the district caused by any failure of the bank to account for and pay over the funds of the district deposited therein. It is elementary that a surety is bound only to the extent he has contracted to be bound. The statute having exempted the treasurer and his sureties from liability for money deposited in a legal depository, a provision stating that the sureties were not to be liable for losses caused by the default of such a depository could properly be inserted in the bond. Aiton's bank

being a de facto depository, and the bonds having been given and accepted in the bona fide belief that it was a legal depository, and the sureties having stipulated in the bonds that they should not be liable for losses caused by any default of the bank, it was held that they could not be required to make good losses resulting solely from the default of the bank.

The important difference between the instant case and those cases is that the bond here in question contains no provision relieving the sureties thereon from liability for losses resulting from the default of the bank. This bond contains the condition that the treasurer shall faithfully perform the duties of his office "and pay over without delay to the officer entitled thereto all moneys which shall come into his hands by virtue thereof." It in no way limits or restricts the liability thus assumed. Under the terms of the bond the liability of the sureties for such funds is coextensive with that of the principal therein—the treasurer. The bond was given pursuant to the requirement of the statute and contains the conditions prescribed by the statute. The obligors thereon assumed a liability from which they can be relieved only in the manner and to the extent provided in the statute. As the bank was not a legal depository, the statute does not relieve them from liability for the funds deposited therein. The fact that they believed they would not be liable for such funds cannot be given the effect of changing or limiting the obligation created by the terms of the bond which the statute required to protect the district against the loss of its funds, and which bond they deliberately executed for the purpose of complying with the statutory requirement.

The judgment in favor of the sureties is reversed, and judgment will be entered against them and in favor of the district for the amount shown by the stipulation to be due the district.